UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

OSCAR SENTELL FAISON,

                Plaintiff,

        v.

SGT. HASH, et al.,

                Defendants.
_____

DECISION & ORDER

03-CV-6475L

        Plaintiff originally paid the filing fee, but is now seeking permission to proceed *in forma pauperis*. (Docket # 26). He also moves for the appointment of counsel. (Docket # 25). The affirmation of poverty has been reviewed in accordance with 28 U.S.C. § 1915(a)(1), and plaintiff has met the requirements. Accordingly, permission to proceed *in forma pauperis* is hereby **GRANTED**.

        Plaintiff's motion for assignment of counsel, however, is denied at this time. There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff has raised Eighth Amendment, retaliation and privacy claims, and established his ability to present his claims to the Court. He seeks assignment of counsel because he currently resides in the New York City area and travel is difficult. Nevertheless, he has effectively prosecuted this action thus far, and the Court sees no reason to believe he will not be able to continue to do so. Accordingly, plaintiff's motion for appointment of counsel is **DENIED** without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654. Nevertheless, in order to assist plaintiff in

pursuing this case *pro se*, the Clerk of the Court is directed to send plaintiff the Court's booklet entitled Pro Se Litigation Guidelines.[1]

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                              United States Magistrate Judge

Dated: Rochester, New York
       August   8   , 2005.

---

[1] Plaintiff should review the entire Guidelines, and then he should focus his attention on pages 14-19 regarding discovery, since his lawsuit is in the discovery stage at this time.